United States District Court

For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10    CURTIS SCOTT,                              No. C 07-5333 WHA (PR)

11                    Petitioner,               **ORDER OF DISMISSAL**

12       vs.

13    JEREMY FOGEL, Warden,

14                    Respondent.
                                          /
15    _____

16         This case was opened when petitioner sent a document to the court headed

17    "(Emergency) 'Supplemental Brief' Motion Requesting Expansion of the Record Pursuant to

18    Fed. R.C.P. 26.1 under Judicial Notice [] and 28 USC 2254(d)(1),(2)(3)(4)(6)(7)(8)."  The paper

19    did not carry a case number or the caption of an existing case, but was captioned as above.  In

20    an effort to protect petitioner's rights, it therefore was treated as an attempt to open a new case

21    and classified as a prisoner civil rights case not involving prison conditions, suit code 550.

22    Because an earlier habeas case of petitioner's had been assigned to Judge Fogel, this case

23    initially was assigned to him, but because Judge Fogel is listed as the respondent, the case was

24    reassigned to the undersigned.

25         In the motion with which this case was commenced petitioner asks the court to hold an

26    evidentiary hearing on his contention that an out-of-state conviction should not have been used

27    to enhance his sentence.  He seems to contend that using it for that purpose breached the

28    Arizona plea agreement.   With the motion which commenced the case he filed a second paper,

United States District Court

For the Northern District of California

1  captioned "(Emergency) 'Supplemental Brief' under Judicial Notice Fed. R.Evid. § 201(a)[.]

2  Pursuant to 28 U.S.C. § 2254(d)(1)(2)(3)(4)(5)(6)(7)(8) and Fed. R.Crim.P., (11) 18 U.S.C.A.

3  Crim. P Rule, 26.1 [(]Federal," and a third, captioned "(Emergency) 'Supplemental Brief'

4  Notice of Motion and Motion, Pursuant to Fed. R.Crim P. 52(b).  Under Rule # (8) 28 U.S.C.

5  2254(d)(1)(2)(3)(4)(5)(6)(7)(8).  Fed R Evid. 1001-08."  Rather than a conventional motion for

6  judicial notice, the second paper appears to be a request that the Court accept petitioner's

7  characterization of what occurred and the legal effects flowing from that.  The third appears to

8  be a request for an evidentiary hearing.  These papers are difficult to decipher and appear to

9  overlap substantially, but they are not identical.

10       On the day the case was opened the clerk sent petitioner a notice that he had neither paid

11  the filing fee nor applied for leave to proceed in forma pauperis.  About two weeks later the

12  clerk received a letter from him in which he says the following:

13          I mailed[] #(3) independent motion to your office on Oct-8-2007, all
     motion(s) were entitled "Supplemental Brief(s) and the problem is as stated, I did
14   not supply the original case name or case No D.C. No CV-00-21023-JF (Scott v.
     Hickman[).]
15          The No# listed on the #(3) motion(s) are No. 05-16305 an[d] is the Nith
     Circuit appeals No for D.C. No CV-00-21023 J.F. and is the actual case #.  I am
16   seeking to refile the supplemental brief(s)[,] so if you can properly refile the
     correct case No#, as from #C-07-5333 J.F. Filed on Oct. 19, 07 to the pending
17   action in DC No CV-00-21023 JF or inform me of the procedure I will have to
     undertake for proper filing and correction.

18

19       That is, petitioner says that he intended to file the papers in C 00-21033 JF (PR), *Scott v.*

20  *Hickman*, his former habeas case.  He is wrong, however, when he refers to that case as

21  "pending."  The petition for habeas corpus was denied on July 3, 2003, petitioner appealed, and

22  both this court and the Ninth Circuit denied a certificate of appealability.

23       In view of the case's history, petitioner should have been aware that C 00-21033 JF (PR)

24  was closed, but it nevertheless is clear from his letter that he intended to file the document

25  which was treated as commencing this case in C 00-21033 JF (PR) rather than open a new case.

26       This case is **DISMISSED** as opened in error.  If petitioner desires to file documents in C

27  00-21033 JF (PR) he will have to file new ones.  He must place that number and the case name

28  on the first page of any such filings.  He also should note that the court cannot act on filings in a

2

1    closed case unless a motion to reopen the case is first granted. *See, e.g., Lindauer v. Rogers*, 96

2    F.3d 1355, 1357 (9th Cir. 1996) (after final judgment has been entered, the district court may

3    consider a Rule 15 motion to amend only if the judgment is first reopened pursuant to a motion

4    under Federal Rule of Civil Procedure 59 or 60).

5         The clerk shall close the file.  No fee is due.

6         **IT IS SO ORDERED.**

7

8    Dated:  November __13__, 2007.

9                                                   WILLIAM ALSUP
                                                    UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   G:\PRO-SE\WHA\CR.07\SCOTT5333.DSM.wpd

**United States District Court**
For the Northern District of California

3