IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS SCOTT, | No. C 07-5333 WHA (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| vs. | |
| JEREMY FOGEL, Warden, | |
| Respondent. | |

This case was opened when petitioner sent a document to the court headed "(Emergency) 'Supplemental Brief' Motion Requesting Expansion of the Record Pursuant to Fed. R.C.P. 26.1 under Judicial Notice [] and 28 USC 2254(d)(1),(2)(3)(4)(6)(7)(8)." The paper did not carry a case number or the caption of an existing case, but was captioned as above. In an effort to protect petitioner's rights, it therefore was treated as an attempt to open a new case and classified as a prisoner civil rights case not involving prison conditions, suit code 550. Because an earlier habeas case of petitioner's had been assigned to Judge Fogel, this case initially was assigned to him, but because Judge Fogel is listed as the respondent, the case was reassigned to the undersigned.

In the motion with which this case was commenced petitioner asks the court to hold an evidentiary hearing on his contention that an out-of-state conviction should not have been used to enhance his sentence. He seems to contend that using it for that purpose breached the Arizona plea agreement. With the motion which commenced the case he filed a second paper,

captioned "(Emergency) 'Supplemental Brief' under Judicial Notice Fed. R.Evid. § 201(a)[.] Pursuant to 28 U.S.C. § 2254(d)(1)(2)(3)(4)(5)(6)(7)(8) and Fed. R.Crim.P., (11) 18 U.S.C.A. Crim. P Rule, 26.1 [(]Federal," and a third, captioned "(Emergency) 'Supplemental Brief' Notice of Motion and Motion, Pursuant to Fed. R.Crim P. 52(b).  Under Rule # (8) 28 U.S.C. 2254(d)(1)(2)(3)(4)(5)(6)(7)(8). Fed R Evid. 1001-08." Rather than a conventional motion for judicial notice, the second paper appears to be a request that the Court accept petitioner's characterization of what occurred and the legal effects flowing from that.  The third appears to be a request for an evidentiary hearing.  These papers are difficult to decipher and appear to overlap substantially, but they are not identical.

On the day the case was opened the clerk sent petitioner a notice that he had neither paid the filing fee nor applied for leave to proceed in forma pauperis.  About two weeks later the clerk received a letter from him in which he says the following:

> I mailed[] #(3) independent motion to your office on Oct-8-2007, all motion(s) were entitled "Supplemental Brief(s) and the problem is as stated, I did not supply the original case name or case No D.C. No CV-00-21023-JF (Scott v. Hickman[).]
> The No# listed on the #(3) motion(s) are No. 05-16305 an[d] is the Nith Circuit appeals No for D.C. No CV-00-21023 J.F. and is the actual case #.  I am seeking to refile the supplemental brief(s)[,] so if you can properly refile the correct case No#, as from #C-07-5333 J.F. Filed on Oct. 19, 07 to the pending action in DC No CV-00-21023 JF or inform me of the procedure I will have to undertake for proper filing and correction.

That is, petitioner says that he intended to file the papers in C 00-21033 JF (PR), *Scott v. Hickman*, his former habeas case.  He is wrong, however, when he refers to that case as "pending."  The petition for habeas corpus was denied on July 3, 2003, petitioner appealed, and both this court and the Ninth Circuit denied a certificate of appealability.

In view of the case's history, petitioner should have been aware that C 00-21033 JF (PR) was closed, but it nevertheless is clear from his letter that he intended to file the document which was treated as commencing this case in C 00-21033 JF (PR) rather than open a new case.

This case is **DISMISSED** as opened in error.  If petitioner desires to file documents in C 00-21033 JF (PR) he will have to file new ones.  He must place that number and the case name on the first page of any such filings.  He also should note that the court cannot act on filings in a

1  closed case unless a motion to reopen the case is first granted.  *See, e.g., Lindauer v. Rogers*, 96
2  F.3d 1355, 1357 (9th Cir. 1996) (after final judgment has been entered, the district court may
3  consider a Rule 15 motion to amend only if the judgment is first reopened pursuant to a motion
4  under Federal Rule of Civil Procedure 59 or 60).
5      The clerk shall close the file.  No fee is due.
6      **IT IS SO ORDERED.**

8  Dated:  November   13  , 2007.

        WILLIAM ALSUP
        UNITED STATES DISTRICT JUDGE

28  G:\PRO-SE\WHA\CR.07\SCOTT5333.DSM.wpd

3